UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRANDA BUTLER,

    Plaintiff,

v.    Case No. 17-13568

NICK LYON,    HON. AVERN COHN

    Defendant.

_____/

# ORDER OF DISMISSAL

## I. Introduction

Plaintiff Miranda Butler, a state prisoner proceeding pro se, filed a civil rights complaint for money damages under 42 U.S.C. § 1983. She names Nick Lyon, a Director of the Michigan Department of Human Services (DHS) as defendant. As will be explained, the complaint is nearly identical to a prior complaint plaintiff filed against the DHS and a different DHS official which was dismissed for failure to state a claim. The current complaint also fails to state a claim for which relief may be granted. Accordingly, it will be dismissed.

## II. Background

### A. Plaintiff's First Complaint

On February 14, 2017, plaintiff filed a complaint against the DHS and Julie Holly, a DHS official. Butler v. DHS, 17-10458. The complaint was assigned to the undersigned. Like the current complaint, plaintiff alleged that in 2015 one of DHS's

designated representatives filed a complaint against Stephen Jamieson for genetic testing in an attempt to establish paternity for plaintiff's minor child.  The state complaint did not list plaintiff as an indispensable party, and plaintiff was not permitted to participate in subsequent proceedings, including three hearings. According to plaintiff, DHS's representative also awarded public assistance to the minor child's grandmother after the grandmother's guardianship of the child terminated, and in 2016, a DHS representative sued plaintiff for child support, despite plaintiff's inability to support her child.  Plaintiff sought money damages for mental anguish and for the alleged denial of her right to due process, her right to participate in the paternity proceedings, and her right of access to the courts.

The matter was referred to a magistrate judge who issued a report and recommendation that the complaint be dismissed for failure to state a claim because defendants were entitled to immunity.  See Doc. 17 in case no. 17-10458.  The Court, over plaintiff's objections, adopted the MJRR and dismissed the case.  See Doc. 26 in case no. 17-10448.  The Court also denied reconsideration.  See Doc. 28 in case no. 17-10458.  Plaintiff has filed a notice of appeal.  See Doc. 29 in case no. 17-10458.

### B.  Plaintiff's Second Complaint

Approximately two weeks after the dismissal of her first complaint, plaintiff filed a second complaint naming Nick Lyon, a DHS representative, as defendant.  The case was reassigned to the undersigned as a companion to plaintiff's first case.  See Doc. 8 in case no. 17-13568.  Plaintiff again challenges DHS's action with respect to state court paternity proceedings.

### III. Legal Standard

Federal district courts must screen an indigent prisoner's complaint and dismiss "any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant immune from such relief." Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Jones v. Bock, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). To prevail on a claim under § 1983, a plaintiff must show "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014).

### VI. Application

Like her prior complaint, plaintiff's allegations fail to state a claim because she has sued defendant in his official capacity for money damages. Defendant is a state official, and "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no

3

different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (internal and end citations omitted).

Absent consent, states enjoy immunity from suit under the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004), and "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.' " McCormick v. Miami Univ., 693 F.3d 654, 661 (6th Cir. 2012) (quoting Thiokol Corp. v. Dep't of Treasury, 987 F.2d 376, 381 (6th Cir. 1993)). Thus, plaintiff's request for money damages is barred by the immunity afforded to states under the Eleventh Amendment.

In addition, contrary to plaintiff's allegation, "[n]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71. And even though plaintiff seeks to hold defendant accountable for the conduct of his subordinates, see Compl. at 10-11, Page ID 14-15, government officials may not be held liable for the unconstitutional conduct of their subordinates on a *respondeat superior* theory of liability. Iqbal, 556 U.S. at 676. Vicarious liability simply is inapplicable in a civil rights suit under § 1983. Id.

**V. Conclusion**

Plaintiff has failed to state a plausible claim for which relief may be granted, and she seeks monetary relief from a defendant who is immune from such relief. Accordingly, the complaint is DISMISSED. In light of this decision, plaintiff's motion to

have the United States Marshal serve the complaint on defendant (Doc. 3) and Motion to Assert Subject Matter Jurisdiction (Doc. 6) are DENIED as MOOT. The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

    SO ORDERED.

                                        s/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

Dated: November 17, 2017
       Detroit, Michigan